```
                IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        WESTERN DIVISION


DEVIE R. FREEMAN                                          PLAINTIFF

VS.                         CIVIL ACTION NO. 3:13-cv-844(DCB)(MTP)

CITY OF YAZOO CITY POLICE
DEPARTMENT; ERIC G. SNOW,
INDIVIDUALLY AND IN HIS CAPACITY AS
CHIEF OF POLICE FOR YAZOO CITY,
MISSISSIPPI; BOARD OF ALDERMAN;
CHARLES O'REILLY, INDIVIDUALLY AND
IN HIS OFFICIAL CAPACITY AS BOARD OF
ALDERMAN; DR. JACK VARNER, INDIVIDUALLY
AND IN HIS CAPACITY AS BOARD OF ALDERMAN;
CLIFTON JONES, INDIVIDUALLY AND IN HIS
CAPACITY AS BOARD OF ALDERMAN; AND AUBRY
BRENT, JR., INDIVIDUALLY AND IN HIS
CAPACITY AS BOARD OF ALDERMAN                            DEFENDANTS
```

<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the Court on a Motion to Dismiss and Stay Case **(docket entry 11)**, filed by defendant Eric G. Snow, individually and in his official capacity as Chief of Police for Yazoo City, Mississippi; and by Charles O'Reilly, Dr. Jack Varner, Clifton Jones, and Aubry Brent, Jr., individually and in their official capacities as members of the Board of Aldermen of Yazoo City, Mississippi.[1]  Also before the Court is the plaintiff Devie R. Freeman's Motion for Default Judgment **(docket entry 13)**.  Having carefully considered the motions and responses, as well as the memoranda and the applicable law, and being fully advised in the

---

[1] The defendants point out that claims against them in their official capacities are tantamount to claims against the city of Yazoo City.

premises, the Court finds as follows:

"Securing a default judgment is a three-step procedure involving the defendant's default, entry of default, and a default judgment." Twist and Shout Music v. Longneck Xpress, N.P., 441 F.Supp.2d 782, 783 (E.D. Tex. 2006)(citing New York Life Ins. Co. v. Brown, 84 F.3d 137, 141 (5th Cir. 1996)). Before obtaining a default judgment, a plaintiff must show "by affidavit or otherwise," that the defendant is in default to obtain the clerk's entry of default. Fed.R.Civ.P. 55(a); see Brown, 84 F.3d at 141 ("An entry of default is what the clerk enters when the default is established by affidavit or otherwise."). Freeman has never attempted to show the defendants' default by affidavit or otherwise, nor has he sought the clerk's entry of default.

Freeman's motion could be denied for this reason alone. However, even if he had secured an entry of default, his motion must be denied because "[a] party is not entitled to a default as a matter of right, even where the defendant is technically in default," Ganther v. Ingle, 75 F.3d 207, 212 (5th Cir. 1996), and default judgments "are available only when the adversary process has been halted because of an essentially unresponsive party." Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n, 874 F.2d 274, 276 (5th Cir. 1989)(internal quotations and citation omitted).

Although the defendants were technically in default, their answer was delayed due to the city clerk of Yazoo City mistakenly

2

reporting that service of process had been made on "October 17th or 18th," instead of October 7, 2013.[2] (Declaration of Brett Harvey, docket entry 16-1). The defendants' motion to dismiss was filed on November 7, 2013, a mere ten days past the due date, and thirteen days before the plaintiff filed his motion for default judgment. The Court finds that the delay was due to excusable neglect, was not willful, and did not prejudice the plaintiff. See Lacy v. Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000). Furthermore, the defendants' motion to dismiss constitutes a meritorious defense. Id. The Court therefore deems the defendants' motion to dismiss to be timely filed, and denies the plaintiff's motion for default judgment.

The defendants' motion to dismiss is brought pursuant to Fed.R.Civ.P. 12(b)(6). The plaintiff's complaint must comply with Fed.R.Civ.P. 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and requires a plaintiff to give defendants "'fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

In this case, the plaintiff brings a claim for retaliation under Title VII of the Civil Rights Act of 1964. Complaint, ¶¶ 9,

---

[2] Although service of process was made on October 7, the plaintiff did not file the proof of service until October 30. (Docket entry 3-1).

16.  Title VII forbids employer retaliation where an employee "has opposed any practice made an unlawful employment practice" by Title VII or "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under" Title VII.  42 U.S.C. § 2000e-3(a).  The anti-retaliation provision is designed to "prevent employer interference with 'unfettered access' to Title VII's remedial mechanisms ... by prohibiting employer actions that are likely 'to deter victims of discrimination from complaining to the EEOC,' the courts, or their employers." Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006)(quoting Robinson v. Shell Oil Co., 519 U.S. 337 (1997)).

A plaintiff establishes a prima facie case of retaliation under Title VII by showing that (1) he engaged in an activity protected by Title VII; (2) he was subjected to an adverse employment action; and (3) a casual link exists between the protected activity and the adverse employment action.  Stewart v. Mississippi Transp. Comm'n., 586 F.3d 321, 331 (5th Cir. 2009). Under Title VII, it is unlawful "for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would

4

deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. "A person suffers disparate treatment in his employment when he or she is singled out and treated less favorably than others similarly situated on account of" her race, color, religion, sex, or national origin. <u>Cornwell v. Electra Cent. Credit Union</u>, 439 F.3d 1018, 1028 (9th Cir. 2006).

In this case, the plaintiff does not allege any protected activity under Title VII. Neither his Complaint nor his EEOC Charge of Discrimination contains any mention of race, color, religion, sex, or national origin. He claims, instead, that he was terminated because he arrested two men who allegedly were friends of one or more Yazoo City officials. Thus, the Complaint does not state a claim, nor show that the plaintiff is entitled to any relief, under Title VII. The plaintiff's Title VII claim shall therefore be dismissed.

In his response to the motion to dismiss, Freeman raises for the first time an allegation that he was retaliated against for exercising First Amendment rights. He also raises state law claims not included in the Complaint. The Court construes these additional allegations as a motion for leave to file a motion to amend the Complaint. Rule 15 of the Federal Rules of Civil

5

Procedure provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served ...." Fed.R.Civ.P. 15(a).  The Rule further provides that "[o]therwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Id.  The defendants have yet to answer the plaintiff's Complaint, and a Rule 12(b)(6) motion is not a responsive pleading; therefore, Freeman is not prevented from filing a motion for leave to file a motion to amend his Complaint.  See McKinney v. Irving Independent School Dist., 309 F.3d 308, 315 (5ᵗʰ Cir. 2002)("Because a Rule 12(b)(6) motion to dismiss is not a 'responsive pleading,' the filing of such a motion does not extinguish a party's right to amend as a matter of course.")(citations omitted).[3]

The Court shall therefore grant Freeman leave to file a motion to file an Amended Complaint.  In his motion, he shall set forth all theories of recovery, together with all facts supporting each claim as to each defendant individually.  The plaintiff shall also attach his Proposed First Amended Complaint.  The motion shall be filed within fourteen (14) days of the date of entry of this Order, and the defendants shall have fourteen (14) days from the date the

---

[3] Although Rule 15(a) governs the amendment of pleadings, Rule 16(b) also may limit the ability of a plaintiff to amend his complaint if the deadline specified in the scheduling order for the amendment of pleadings has passed.  However, a scheduling order has not been entered in this case.

motion is filed to file their response.

The defendants' motion to dismiss shall be granted as to the plaintiff's Title VII claims, and denied without prejudice to the extent that the plaintiff raises new First Amendment claims and additional state law claims. The Court construes the plaintiff's response as a motion for leave to file a motion to amend, and grants the motion as set forth herein. The defendants' motion to stay shall be granted pending the outcome of the plaintiff's motion to amend his Complaint.

Accordingly,

IT IS HEREBY ORDERED that the plaintiff Devie R. Freeman's Motion for Default Judgment **(docket entry 13)** is DENIED;

FURTHER ORDERED that the defendants' Motion to Dismiss **(docket entry 11)** is GRANTED IN PART AND DENIED IN PART. The motion is GRANTED as to the plaintiff's Title VII claim. The motion is DENIED to the extent that the plaintiff is attempting to add a First Amendment claim and additional state law claims;

FURTHER ORDERED that the plaintiff's response, which the Court construes as a motion for leave to file a motion to amend the Complaint, is granted, and the plaintiff shall have fourteen (14) days from the date of entry of this Order to file his motion to amend. The defendants shall have fourteen (14) days from the date the motion is filed to file their response. Any rebuttal must be filed seven (7) days from the date the response is filed;

7

FURTHER ORDERED that the defendants' Motion to Stay **(docket entry 11)** is GRANTED pending the outcome of the plaintiff's motion to amend his Complaint.

SO ORDERED, this the 18th day of September, 2014.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE